

# NUMBER 13-26-00201-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE HOMESITE INSURANCE COMPANY

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron[1]**

By petition for writ of mandamus, relator Homesite Insurance Company asserts that the trial court abused its discretion by denying relator's amended motion to compel appraisal in a lawsuit regarding insurance coverage for storm-related property damages. We deny the petition for writ of mandamus.[2]

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

[2] Relator previously sought mandamus relief in this case on grounds that the trial court abused its discretion by denying its original motion to compel appraisal. *See In re Homesite Ins.*, No. 13-25-00292-

"Mandamus is an 'extraordinary remedy' that is 'available only in limited circumstances.'" *In re Rogers*, 728 S.W.3d 717, 719 (Tex. 2026) (orig. proceeding) (per curiam) (quoting *City of Houston v. Hou. Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 580 (Tex. 2018)). Mandamus issues to "'correct clear errors in exceptional cases.'" *Id.* (quoting *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). "As a discretionary writ, mandamus relief is never available as a pure matter of right or entitlement," and "a decision granting mandamus relief in one case does not mean mandamus will automatically issue whenever a similar right or statute is at stake." *In re Bell Helicopter Servs. Inc.*, No. 24-0883, 2026 WL 1108684, at *7 (Tex. Apr. 24, 2026) (orig. proceeding). In determining whether mandamus should issue, we consider whether mandamus provides an efficient means to resolve the dispute and we apply equitable principles. *Id.* The relator bears the burden to establish its right to relief in an original proceeding. *See In re H.E.B. Grocery Co.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

"A writ of mandamus is available to correct a clear abuse of discretion for which there is no adequate remedy by appeal." *In re Lapuerta*, 732 S.W.3d 548, 555 (Tex. 2026) (orig. proceeding); *see Walker*, 827 S.W.2d at 839. "A court abuses its discretion if no evidence supports the finding on which its ruling rests and if the court could reasonably have reached only a contrary conclusion." *In re AutoZoners, LLC*, 694 S.W.3d 219, 223 (Tex. 2024) (orig. proceeding) (per curiam). We conduct a "benefits-and-detriments

---

CV, 2025 WL 3254609, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 21, 2025, orig. proceeding) (mem. op.) (denying mandamus relief).

2

analysis" to determine if the relator possesses an adequate remedy at law. *In re Auburn Creek Ltd. P'ship*, 655 S.W.3d 837, 843 (Tex. 2022) (orig. proceeding) (per curiam); *see In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37. In this regard, there is generally no adequate remedy by appeal when the trial court erroneously denies a motion to compel appraisal, *see In re Universal Underwriters*, 345 S.W.3d 404, 412 (Tex. 2011) (orig. proceeding); *In re Germania Farm Mut. Ins. Ass'n*, 722 S.W.3d 282, 287 (Tex. App.—Corpus Christi–Edinburg 2025, orig. proceeding); however, we examine the specific circumstances presented in each case, and we balance jurisprudential considerations in determining whether an appellate remedy is adequate. *See In re Bell Helicopter Servs. Inc.*, 2026 WL 1108684, at *7; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136–37.

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by real party in interest Roberto Garcia, relator's reply, and the applicable law, is of the opinion that relator has not met its burden to obtain relief. Accordingly, we lift the stay previously imposed in this case. *See* TEX. R. APP. P. 52.10. We deny the petition for writ of mandamus.

JENNY CRON
Justice

Delivered and filed on the
18th day of June, 2026.